IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KRISTOFFER L. GARNER,<br><br>                    Plaintiff,<br><br>           v.<br><br>WAL-MART SUPERSTORE,<br><br>                    Defendant. | Case No. 3:20-cv-00228-JMK |

## **ORDER OF DISMISSAL**

On September 11, 2020, self-represented prisoner Kristoffer L. Garner filed a Complaint along with a civil cover sheet, a Motion to Proceed *In Forma Pauperis*, a Request for Exemption from Payment of Fees, an untitled Request and Order Form regarding waiving the cost of copies and records, a summons from the District Court for the State of Alaska, and a Answer form for the District Court of the State of Alaska.[1]

In his Complaint, Mr. Garner alleges that Defendant Wal-Mart Superstore is indebted to him in the amount of $1,195.05.[2] Mr. Garner makes his allegation on a form provided by the District Court of the State of Alaska for initiating small claims

---

[1] Dockets 1–7.

[2] Docket 1.

actions.³ Similarly, Mr. Garner's motions and additional filings are on either on forms provided by the District Court of the State of Alaska or typed with the header "IN THE DISTRICT COURT FOR THE DISTRICT OF ALASKA."⁴

For relief, Mr. Garner requests small claims procedure and $1,195.05.

## SCREENING STANDARD

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented prisoner seeking a waiver of the prepayment of the filing fee. In this screening, a court shall dismiss the case at any time if the court determines that the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.⁵

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."⁶ In conducting its

---

³ Docket 1.

⁴ *See* Dockets 3–7 (Docket 2 is the civil cover sheet for the U.S. District Court for the District of Alaska).

⁵ 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(a), (b).

⁶ *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that

review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.⁷ Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.⁸

Additionally, the United States Supreme Court has established that "the federal courts are under an independent obligation to examine their own jurisdiction[.]"⁹ In a federal court proceeding, a jurisdictional defect may be raised at any time.¹⁰

## DISCUSSION

Mr. Garner requests relief through the small claims process overseen by the District Court for the State of Alaska. He has filed his action in the U.S. District Court for the District of Alaska. The U.S. District Court is a federal court, which

---

are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

⁷ *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

⁸ *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

⁹ *United States v. Hays*, 515 U.S. 737, 742 (1995).

¹⁰ Washington Environmental Council v. Bellon, 732 F.3d 1131, 1139 (9th Cir. 2013).

addresses questions of federal law or controversies between parties with diverse citizenship. Small claims procedure is a state court process presided over by the District Court for the State of Alaska. It is clear on its face that Mr. Garner has filed an action in the incorrect district court. Without a federal question or diverse parties, this Court has no jurisdiction to hear this case. Mr. Garner's action must be dismissed for lack of jurisdiction.

## I. **Jurisdiction**

Jurisdiction is "[a] court's power to decide a case or issue a decree."[11] A court's subject matter jurisdiction is its "statutory or constitutional power to adjudicate a case."[12] As a federal court, this Court has limited subject matter jurisdiction. It possesses "only that power authorized by the Constitution and statute."[13] This means that the Court has the authority to hear only specified types of cases.[14] "In civil cases, subject matter jurisdiction is generally conferred upon

---

[11] BLACK'S LAW DICTIONARY (9th ed. 2009) (definition of "jurisdiction").

[12] *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 89 (1998).

[13] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also, e.g., A-Z Intern. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003).

[14] *See, e.g., United States v. Marks*, 530 F.3d 779, 810 (9th Cir. 2008), citing *DaimlerChrysler v. Cuno*, 547 U.S. 332, 342 (2006); *United States v. Sumner*, 226 F.3d 1005, 1010 (9th Cir. 2000).

federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331."[15]

Federal question jurisdiction gives a federal court the authority to consider cases brought under the United States Constitution or federal statutes.[16] Mr. Garner's Complaint alleges a small claims dispute. The Complaint does not cite to a federal statute, nor does it allege sufficient facts to state a viable federal constitutional claim.[17] Because the complaint does not clearly describe a violation of the U.S. Constitution or a federal statute that is redressable by a private citizen in federal court, this Court does not have federal question jurisdiction over this case.

Diversity jurisdiction requires that the plaintiff have "citizenship which is diverse from that of every defendant" and an amount in controversy greater than $75,000.[18] This means that this Court could have jurisdiction over a case (including one involving only state law issues) when the plaintiff demonstrates that he is a citizen of a different state than the citizenship of each of the defendants.[19]

---

[15] *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005).

[16] 28 U.S.C. § 1331.

[17] *See* Docket 1.

[18] 28 U.S.C. § 1332; *See Cook v. AVI Casino Enterprises, Inc.*, 548 F.3d 718, 722 (9th Cir. 2008) (quoting *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (diversity jurisdiction requires "complete diversity of citizenship")).

[19] *Id.* (quoting *Kokkonen*, 511 U.S. at 377).

The Complaint indicates that $1,195.05 is the amount in controversy. This amount is well below the $75,000.00 required amount for diversity jurisdiction. Therefore, this Court does not have diversity jurisdiction over his complaint, regardless of the amount in controversy alleged.

Based on the foregoing, the Court finds it has neither federal question jurisdiction nor diversity jurisdiction over this case. Therefore, this Court has no subject matter jurisdiction over this matter. When a court determines "that it lacks subject matter jurisdiction, the court must dismiss the action."[20] In light of the foregoing, Mr. Garner's Complaint must be dismissed for lack of subject matter jurisdiction.

## II. The District Court for the State of Alaska

The District Court for the State of Alaska is a trial court of limited jurisdiction to established to hear specific state law claims.[21] For instance, the District Court for the State of Alaska may preside over criminal misdemeanors under Alaska state law, civil suits involving less than $100,000.00 in controversy, small claims, and presumptive death hearings.[22] The District Court for the State of Alaska in Anchorage is at 825 West 4th Avenue, Anchorage, AK 99501-2004.

---

[20] Fed. R. Civ. P. (12)(h)(3).

[21] AS 22.15.070.

[22] See AS 22.15.030–22.15.060.

**IT IS THEREFORE ORDERED:**

1. The action is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

2. All pending motions are **DENIED AS MOOT**.

3. The Clerk of Court shall submit a final judgment. Further, the Clerk of Court shall return Dockets 1–7 to Mr. Garner along with a copy of this order.

DATED at Anchorage, Alaska this 10th day of November, 2020.

*/s/ Joshua M. Kindred*
 JOSHUA M. KINDRED
United States District Judge
